*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 06a0401p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 06-5258

MARVIN JACKSON,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 04-20266—Bernice B. Donald, District Judge.

Submitted: October 25, 2006

Decided and Filed: October 30, 2006

Before: MARTIN and COOK, Circuit Judges; TARNOW, District Judge.[*]

_____

**COUNSEL**

_____

**ON BRIEF:** J. Patten Brown III, OFFICE OF THE FEDERAL PUBLIC DEFENDER FOR THE WESTERN DISTRICT OF TENNESSEE, Memphis, Tennessee, for Appellant. Stephen P. Jones, UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellee.

_____

**OPINION**

_____

BOYCE F. MARTIN, JR., Circuit Judge. Marvin Jackson appeals his sentence for the crime of possession of a firearm by a felon. Because we conclude that the district court's sentence was reasonable, we affirm.

I.

On June 22, 2004, Marvin Jackson was indicted by a federal grand jury for possession with intent to distribute 25.1 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1), being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and possessing a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k). On June 30, 2005, Jackson pled guilty to the section 922(g) violation. In exchange, the government agreed to drop the

_____

[*]The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

other charges, not seek a four-level enhancement for possession of the firearm in connection with another felony, and to recommend sentencing Jackson at the low end of the Guidelines range.

The government recommended that Jackson's base offense level be increased to 24 based on two prior convictions, under U.S.S.G. § 2K2.1(a)(2). Pursuant to U.S.S.G. § 2K2.1(b)(4), the offense level was increased two additional points due to the obliteration of the firearm's serial number. This level was then reduced three points for Jackson's acceptance of responsibility, resulting in a total offense level of 23.[1] Paired with a Criminal History Category of V, Jackson's advisory Guidelines range was calculated to be 84 - 105 months.

At his sentencing hearing, Jackson's counsel asked the court to sentence Jackson to 60 months. In support of his request, counsel noted Jackson's familial obligations and his enrollment in a substance abuse group. The district court sentenced Jackson to 72 months incarceration and two years supervised release, explaining that under the circumstances, it believed that a below-Guidelines sentence was warranted, although the court refused to set the sentence as low as Jackson's counsel suggested.

Jackson appeals his sentence on two grounds: (1) that the district court did not follow the requirements of *United States v. Booker*, 543 U.S. 220 (2005), because it "imposed what it believed to be a 'reasonable' sentence in light of the sentencing factors," and (2) that the district court erred in setting Jackson's base offense level at 24 based on his prior convictions.

II.

Following the Supreme Court's decision in *United States v. Booker*, which rendered the Sentencing Guidelines advisory, this Court reviews a sentence imposed by a district court for reasonableness. *United States v. Foreman*, 436 F.3d 638, 644 (6th Cir. 2006). In contrast, "a district court's job is not to impose a 'reasonable' sentence. Rather, a district court's mandate is to impose 'a sentence sufficient, but not greater than necessary, to comply with the purposes' of section 3553(a)(2)." *Id*. at 644 n.1.

Although in *United States v. Williams*, 436 F.3d 707, 707-08 (6th Cir. 2006), we stated that a sentence within the Guidelines range is presumptively reasonable, we later clarified that this does not mean that a sentence above or below (as in this case) the Guidelines range is presumptively unreasonable.[2] *Foreman*, 436 F.3d at 644. The Sentencing Guidelines are just one of the section 3553(a) factors that the district court must consider. In reviewing a sentence for reasonableness, we look to see whether the district court also considered the other relevant section 3553(a) factors. *Id*. We have noted that while a "ritual incantation of the factors" is not required, "explicit mention of those factors may facilitate review." *United States v. Johnson*, 403 F.3d 813, 816 (6th Cir. 2005).

---

[1] The presentence report originally added another four levels based upon Jackson's possession of the firearm in connection with another felony, under U.S.S.G. § 2K2.1(b)(5), bringing his total offense level to 27. This violated the plea agreement, which provided that the government would not present proof that Jackson possessed the firearm in connection with another felony offense. Upon his counsel's objection, the district court instructed the Probation Department to delete the increase.

[2] We further clarified that:

> *Williams* does not mean that a Guidelines sentence will be found reasonable in the absence of evidence in the record that the district court considered all of the relevant section 3553(a) factors. A sentence within the Guidelines carries with it no implication that the district court considered the 3553(a) factors if it is not clear from the record, because, of course, under the Guidelines as mandatory, a district court was not required to consider the section 3553(a) factors. It would be unrealistic to now claim that a Guideline sentence implies consideration of those factors.

*Foreman*, 436 F.3d at 644.

It is difficult to discern why Jackson believes that the district court's "sentencing methodology was erroneous," or why Jackson is under the impression that it attempted to impose a sentence using the appellate "reasonableness" standard without considering the section 3553(a) factors. Nothing in the record or in Jackson's brief supports such a conclusion. We believe that the district court adequately considered the section 3553(a) factors in light of Jackson's particular circumstances. In sentencing Jackson, it noted Jackson's several prior convictions and his two minor children living with Jackson's mother and sister.[3] The court explained that a 72-month sentence was sufficient to punish Jackson and deter future conduct. Further, it reflected the seriousness of the crime, yet took his familial obligations into account.

It appears that Jackson is simply unhappy with his sentence, despite the fact that it is lower than the statutory maximum (120 months) and the applicable Guidelines range (84-105 months). The fact that the district court did not give the defendant the exact sentence he sought is not a cognizable basis to appeal, particularly where the district court followed the mandate of section 3553(a) in all relevant respects. Because the district court adequately considered the factors set forth in section 3553(a), we hold that his sentence was reasonable.

## III.

Jackson also argues that the district court erred in considering Jackson's prior convictions in calculating his base offense level, though he concedes that his argument is contrary to the law, and he raises it only to preserve it in case the Supreme Court revisits this issue. We are not in a position to overturn controlling precedent. *See United States v. Barnett*, 398 F.3d 516, 524 (2005) (noting that in *Apprendi v. New Jersey*, 530 U.S. 446, 490 (2000), "the Supreme Court expressly excepted the fact of a prior conviction from the rule requiring issues of fact that increase a defendant's penalty to be submitted to the jury.").

## IV.

For the foregoing reasons, we affirm the district court.

---

[3] The children's mother, and Jackson's fiancé, LaTonya Johnson, was indicted along with Jackson. At the time of Jackson's sentencing, she had already pled guilty and was serving a 27-month sentence.