*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 07a0095p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

    *v.*

    No. 05-6950

MONTELL G. BRIDGEWATER,

        *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 05-20012—Bernice B. Donald, District Judge.

Argued: October 27, 2006

Decided and Filed:  March 9, 2007

Before:  KEITH and McKEAGUE, Circuit Judges; CLELAND, District Judge.[*]

---

## COUNSEL

**ARGUED:** Stephen B. Shankman, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Memphis, Tennessee, for Appellant.  Dan L. Newsom, ASSISTANT UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellee.  **ON BRIEF:** Stephen B. Shankman, J. Patten Brown, III, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Memphis, Tennessee, for Appellant.  Dan L. Newsom, ASSISTANT UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellee.

---

## OPINION

---

    CLELAND, District Judge.  Before the Court is another in the growing line of cases challenging whether a sentence was reasonable under 18 U.S.C. § 3553 and *United States v. Booker*, 543 U.S. 220 (2005).  We very recently rejected a remarkably similar sentencing challenge brought by the same Federal Defender's Office attorney against the same district judge.  *United States v. Jackson*, ___ F.3d ___, 2006 WL 3059886 (6th Cir., Oct. 30, 2006).  In light of the analysis in *Jackson* and for the reasons set forth below, we affirm.

---

[*]The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

**I.**

Montell G. Bridgewater pleaded guilty to counts of possession of child pornography, 18 U.S.C. § 2252(a)(4)(B), and criminal forfeiture, 18 U.S.C. § 2253. The district court imposed the statutory maximum sentence of 120 months, followed by lifetime supervised release. At sentencing, the district court heard the arguments of Bridgewater, who requested probation, and the prosecution, which called for the statutory maximum plus lifetime supervised release. The district court also reviewed the presentence report, which detailed the manner in which Bridgewater obtained, traded, and stored the child pornography while concealing it from, in particular, his wife. Some of the pornography included photographs of Bridgewater molesting young girls who were in the care of the couple while they operated a children's home for youth taken from their parents due to neglect and abuse.

The district court heard from two character witnesses who testified on behalf of Bridgewater. The court also considered a letter by Bridgewater's wife describing the couple's hardship and requesting Bridgewater's release. Next, the court considered a letter by one of Bridgewater's sons, which claimed to have the approval of Bridgewater's only other son. The son's letter condemned Bridgewater, questioned his remorse and sincerity, and indicated that the maximum sentence would be satisfactory.

The district court remarked that Bridgewater committed "a horrible crime that destroys the lives of children . . . . I think something should have given [Bridgewater] a wake up call because there was something wrong well before it got to this point." The court expressed that it was unwilling to "take a chance" that Bridgewater would not possess or distribute child pornography or that he would not harm children. The court elaborated:

> I believe that you need help. I believe your actions are beyond your control at this juncture. I believe you knew well what you were doing and I believe that you are too dangerous, notwithstanding the support of your church, to be simply placed on probation and sent back into the community for your wife and her church members to be responsible for helping you.

The district court imposed the maximum sentence of ten years followed by lifetime supervised release. The court commented that the sentence "meets the goals and objectives of the sentencing guidelines based on [Bridgewater's] history and based on the fact that I believe that this is something at this juncture that [Bridgewater is] simply not in control of, I believe that this sentence is warranted to protect children and young girls in the community and any community where [Bridgewater] may reside."

**II.**

We review a district court's sentence for reasonableness. *Booker*, 543 U.S. at 264; *United States v. McBride*, 434 F.3d 470, 477 (6th Cir. 2006); *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005), *cert. denied*, ___ U.S. ___, 126 S. Ct. 1110 (2006). As this Court has previously stated:

> we read *Booker* as instructing appellate courts in determining reasonableness to consider not only the length of the sentence but also the factors evaluated and the procedures employed by the district court in reaching its sentencing determination. Thus, we may conclude that a sentence is unreasonable when the district judge fails to "consider" the applicable Guidelines range or neglects to "consider" the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration.

*Webb*, 403 F.3d at 383 (footnote and citation omitted).  Section 3553 instructs district courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection."  18 U.S.C. § 3553(a); *see also United States v. Foreman*, 436 F.3d 638, 644 (6th Cir. 2006).  According to § 3553(a), the district court must consider the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

18 U.S.C. § 3553(a)(2).  A "'ritual incantation' of the factors" is not mandatory, but "explicit mention of those factors may facilitate review."  *United States v. Johnson*, 403 F.3d 813, 816 (6th Cir. 2005) (quoting *United States v. Washington*, 147 F.3d 490, 490 (6th Cir. 1998)); *see also McBride*, 434 F.3d at 476 n.3 ("To the extent that a district court *does* specifically cite to the section 3553(a) factors, our review is that much easier, and we can more precisely consider the district court's reasoning."); *United States v. Kirby*, 418 F.3d 621, 626 (6th Cir. 2005) ("The court need not recite [the § 3553] factors but must articulate its reasoning in deciding to impose a sentence in order to allow for reasonable appellate review.").

It is clear from the record that the district court undertook careful consideration of the relevant circumstances surrounding this case.  It reviewed the presentence report in detail on the record, heard from live witness testimony, allowed the entry of letters addressed to the court, and considered the statements of Bridgewater, his counsel and the prosecutor.  The district court stressed the "horrible" nature of Bridgewater's crime, emphasizing the destructive effect child pornography has on the lives of children and the culpable role of those who possess and trade that contraband.  The court concluded that Bridgewater's conduct revealed a lack of personal control in spite of his support network.  In light of the seriousness of his crimes, and the danger of his lack of control, the court opined that it would not take a chance on him victimizing anybody else.

Inherent in the district court's analysis is the district court's awareness of protecting the public by placing Bridgewater in a controlled environment.  Indeed, the district court specifically called for a controlled environment in the context of stating that Bridgewater needed help and a wake up call and that young girls wherever he resided would be at risk.  In addition, a controlled environment, pursuant to § 3553(a)(2)(D), is designed to provide Bridgewater with effective correctional treatment.  The obvious benefit of long-term monitoring and a possible measure of control over Bridgewater's proven long-term, continuing obsession with young girls renders reasonable the permanent term of supervised release as well. We are mindful that supervised release conditions, including its length, are subject to later alteration in the reasoned discretion of the sentencing judge.  18 U.S.C. § 3583(e).

At the conclusion of the hearing, the court specifically referred to the statutory requirements that it must follow when sentencing.[1]  Even though the court did not recite the statute in so many words, we find that the record contains sufficiently clear consideration of the factors set out in § 3553(a).  *See Johnson*, 403 F.3d at 816; *McBride*, 434 F.3d at 476 n.3.  The district court's approach,  although sufficient, was not the model that would make "our review . . . easier." *McBride,* 434 F.3d at 476 n.3.  District courts for this reason should consider laying out how their

---

[1] In the apparent interest of solidifying the record, the prosecutor asked the court to acknowledge "just as a mater of the record [that the court] has looked at the guidelines and Your Honor also considered those specific statutory factors," to which the court responded affirmatively.

sentencing reasoning connects to or serves the purposes of at least the § 3553 requirements that it considers salient in that case. Not all are important in every sentencing; often one or two prevail, while others pale. Our job on review can be indeed eased with some explanation directed at the factors listed in § 3553.

That is not to say that the district court here ignored those requirements or did not demonstrably bear them in mind. We find that it did. A full review of the record, as detailed above, reveals that the district court indeed considered the relevant factors in reaching a sentence that was sufficient, but not greater than necessary, to "comply with the [sentencing] purposes set forth" in § 3553. Specifically, the court was mindful of the severity of the offense, the need to deter Bridgewater's pattern of uncontrolled behavior, and the important task of protecting society, including vulnerable young girls, from Bridgewater by giving him effective correctional supervision and treatment. *See* 18 U.S.C. § 3553(a)(2)(A)-(D). Also, the testimony of Bridgewater's character witnesses, who were surprisingly ignorant of his criminal past despite Bridgewater's continued proximity to youth in church programs, may have led the court to an even more adverse view of Bridgewater.

Proper sentencing requires reasonable sentences, not simply the invocation of "magic words" by the sentencing court. *Johnson*, 403 F.3d at 816; *McBride*, 434 F.3d at 476 n.3. As in *Webb*, where we detailed the many factors considered by the sentencing court, 403 F.3d at 384-85, in this case "there is nothing in the record which suggests that the district court's sentencing determination was unreasonable." *Id.* at 384; *see also Jackson*, ___ F.3d ___, 2006 WL 3059886 at *2. The record instead indicates that the district court's imposition of a lengthy sentence with lifetime supervised release was reasoned and properly founded.

In short, our application of *Booker* and the sentencing factors of § 3553 holds to the principle that the perfect should not be the enemy of the good. In reviewing challenges to the reasonableness of a sentence, we seek a sufficient decisional approach by the sentencing court, not necessarily the most ideal, or a "model" approach. Bridgewater received sufficient consideration of the appropriate sentencing factors and, consequently, a reasonable sentence was imposed.

## III.

Bridgewater's brief states that the district court "erroneously perceived its duty under *Booker* to be that of imposing a 'reasonable' sentence." Appellant's Brief at 12. By surrounding the word "reasonable" with quotation marks, Bridgewater argues that this is what the district judge actually said, but Bridgewater fails to present anything in the record that indicates either the court's supposed use of the word "reasonable" or that it viewed its task as simply – without guidance from relevant statutes and case law – to impose a "reasonable" sentence. Our independent review of the sentencing record reveals nothing in support of the quoted statement.

Bridgewater's brief on appeal, in this specific regard, is misleading. This matter, in our view, is not trivial - nor does it appear to be a mere inadvertent mistake. This Court clearly stated, early in 2006, that "a district court's job is not to impose a 'reasonable' sentence" but rather to follow § 3553, *Foreman*, 436 F.3d at 644 n.1, and that "reasonableness" is the appellate standard. *Id.* To charge that a district court so specifically ignored such a standard, and to do so with absolutely no factual basis, falls short of the professional representation this Court should expect of its attorneys. Indeed, it may in some circumstances be sanctionable. *See* Fed. R. App. P. 46(c); 6 Cir. R. 46(b); *Williams v. Leach*, 938 F.2d 769, 773-74, 775-76 (7th Cir. 1991) (sanctioning an attorney under Rule 46 for deficient representation, which included reciting in the appellate brief facts not in the record, even though the court believed that the misrepresentations were "only tangentially significant to the present appeal" and were "not intentionally deceptive"); *see also* Fed. R. Civ. P. 11(b).

More troubling is that the *same* baseless argument was mounted against the *same* Western District of Tennessee Judge by the *same* Federal Defender's Office – indeed, by the same attorney on the brief here – in *Jackson.* ___ F.3d ___, 2006 WL 3059886 at *1. The argument raised there, and here, therefore appears not as some kind of mere misapprehension, but as a calculated effort launched in the wake of *Foreman*'s clarification that "reasonableness" review was arrogated to appellate review. In *Jackson*, the panel said, "[i]t is difficult to discern why Jackson . . . is under the impression that [the district court] attempted to impose a sentence using the appellate 'reasonableness' standard without considering the section 3553(a) factors. *Nothing in the record or in Jackson's brief supports such a conclusion.*" *Id.* at *2 (emphasis added). In this case as well, we repeat, *nothing in the record supports this statement* in Appellant's brief.

It appears to us that this Federal Defender's Office – or perhaps only the attorney on the brief in both these cases – may have actually adopted a policy of raising this argument in every sentencing appeal, with or without a factual basis, much like flinging a handful of darts in the general direction of a target, hoping that a few of them might score simply by chance.

We take this opportunity to caution counsel generally, and particularly the Federal Defender's Office for the Western District of Tennessee, that using quotes to attribute to a judge words that were never uttered, and claiming that they constitute reversible error, may deserve sanction by this Court. *See* Fed. R. App. P. 46(c); 6 Cir. R. 46(b); *Williams*, 938 F.2d 769.

Finally, we have considered that Bridgewater may be contending that – even though it did not happen here – the mere *mention* of the word "reasonable" by a district court means that the court erred in imposition of sentence. That argument, first, is not the law, *United States v. Cruz*, 461 F.3d 752, 754 (6th Cir. 2006) (holding that "a trial court's invocation of the word 'reasonable' does not invariably plant the seeds of reversible error"), and, second, would both turn the law on its head and if accepted would result in opening the door to unwarranted appellate relief. Just as the "ritual incantation"[2] of § 3553 is not required, the district court's use of or allusion to the concept of reasonableness in articulating its sentencing decision does not by itself present an opportunity that a defendant may exploit on appeal to undo an otherwise sufficient sentencing decision. This Court focuses upon the substance and not the ritual form of sentencing decisions.

## IV.

For the foregoing reasons, we affirm the judgment of the district court.

---

[2]*Johnson*, 403 F.3d at 816.