**NOT FOR FULL-TEXT PUBLICATION**
File Name: 07a0553n.06
Filed: August 8, 2007

**No. 06-1273**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| v. | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| THORSTEN GEDVICK, JR., | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |
| | ) | |

Before: GIBBONS and McKEAGUE, Circuit Judges; and BERTELSMAN, District Judge.[*]

**JULIA SMITH GIBBONS, Circuit Judge**. Defendant-appellant Thorsten Ragner Gedvick, Jr. pled guilty to possession of a firearm after having been convicted of a felony offense in violation of 18 U.S.C. § 922(g)(1). The district court calculated Gedvick's Sentencing Guidelines range to be 168 to 210 months. The court sentenced Gedvick to 90 months imprisonment. On appeal, Gedvick contends that his sentence is procedurally and substantively unreasonable because the district court failed to consider or did not adequately consider various relevant mitigation arguments he presented. For the following reasons, we affirm the judgment and sentence of the district court.

---

[*]The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Gedvick was born in Foster City, Michigan in 1939. Gedvick had a difficult childhood and was physically and mentally abused by his father. His criminal history dates back to 1963. In addition to a number of misdemeanor convictions, Gedvick has been convicted of breaking and entering (on three different occasions), statutory rape, burglary, forgery, and assault with intent to commit bank robbery.

On April 15, 2005, Michigan state police contacted Special Agents of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and advised them that Gedvick, a felon, was in possession of firearms. Based on information provided by Gedvick's stepson and stepson's wife, ATF agents obtained a search warrant for Gedvick's residence. Prior to the search, Gedvick acknowledged that he possessed a 410-gauge shotgun, a 20-gauge shotgun, a .30-06 rifle, a .22 caliber rifle, and a 12-gauge shotgun. ATF agents recovered four of the guns from Gedvick's residence and one from his vehicle, along with various ammunition.

Because he had been convicted of three or more violent felonies, the court found that Gedvick was an armed career criminal pursuant to United States Sentencing Guidelines (U.S.S.G.) § 4B1.4(b)(3)(B). The court calculated Gedvick's total offense level to be 30, which included a base offense level of 33 under § 4B1.4(b)(3)(B) and a three-point downward adjustment for acceptance of responsibility. This, coupled with Gedvick's criminal history category of VI, resulted in a Guidelines range of 168 to 210 months. Gedvick requested a sentence below his Guidelines range. The government made a motion, pursuant to 18 U.S.C. § 3553(e) and in response to Gedvick's substantial assistance, to permit Gedvick to be sentenced below the mandatory minimum sentence of 180 months imposed pursuant 18 U.S.C. § 924(e), which the district court granted. The court

sentenced Gedvick to 90 months imprisonment and three years of supervised release; Gedvick did not object to the sentence. Gedvick subsequently filed a timely notice of appeal.

II.

The only issue on appeal is whether Gedvick's sentence of 90 months is reasonable. After *Booker*, the Sentencing Guidelines constitute an advisory rather than mandatory scheme. *United States v. Richardson*, 437 F.3d 550, 553 (6th Cir. 2006). "Without the 'mandatory' provision, the Sentencing Reform Act nonetheless requires judges to take account of the Guidelines together with other sentencing goals." *Booker*, 543 U.S. at 259. "While not bound to apply the Guidelines," district courts "must consult those Guidelines and take them into account when sentencing." *Id.* at 264. As a consequence, "[s]ection 3553(a) remains in effect, and sets forth numerous factors that guide sentencing. Those factors in turn will guide appellate courts, as they have in the past, in determining whether a sentence is unreasonable." *Id*. at 261. Under this scheme, the district court's mandate is to impose "a sentence sufficient, but not greater than necessary, to comply with the purposes" of § 3553(a)(2). *United States v. Foreman*, 436 F.3d 638, 644 n.1 (6th Cir. 2006).

This court's reasonableness inquiry has both a procedural and a substantive component, requiring review of both the procedures followed and the factors considered in determining the sentence. *See United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005). Our assessment of the procedural reasonableness of a sentence entails an examination of "whether the district court adequately considered and expressed its application of the relevant factors listed in 18 U.S.C. § 3553(a)" such as to allow "meaningful appellate review," while substantive reasonableness involves consideration of the propriety of the length of the sentence imposed. *United States v. Davis*, 458 F.3d 505, 510 (6th Cir. 2006) (internal quotation marks omitted).

3

A.

With regard to procedural reasonableness, Gedvick asserts that the district court failed to consider various factors that would justify a lesser sentence, including that: (1) he had the firearms in his possession solely for hunting purposes; (2) he believed he was not prohibited from possessing all firearms; (3) he was unlikely to commit another crime; (4) preferable sentencing alternatives existed; and (5) his prior relevant crimes were all more than twenty years ago. As emphasized by this court in *United States v. Jones*, a sentencing court comports with the requirements of procedural reasonableness when it "explain[s] to the parties and the reviewing court its reasons for imposing a particular sentence." 445 F.3d 865, 871 (6th Cir. 2006) (referencing *Richardson*, 437 F.3d at 554); *see also United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006) (finding that when a district court adequately explains why it imposed a particular sentence, the appellate court does "not further require that it exhaustively explain the obverse – *why* an alternative sentence was *not* selected").

Here, the district court sufficiently explained its reasons for imposing the particular sentence given and also addressed Gedvick's primary mitigation arguments. The court acknowledged that "the firearms really weren't possessed in connection with a crime," but noted that in felon-in-possession cases such as this it is not unusual for the firearm in question to have no relation to a crime. The court further acknowledged that "the bulk" of Gedvick's previous convictions were "fairly old" and noted that all of Gedvick's more recent crimes were not violent in nature. The court also considered Gedvick's age and declining health in arriving at its ultimate sentencing decision, a sentence that was below both the Guidelines range and statutory minimum. Finally, the court acknowledged Gedvick's request for home confinement, but concluded that his long record of prior felonies precluded such a sentence. Indeed, the court emphasized at multiple points that Gedvick's

4

"lengthy, lengthy record" counseled against a particularly low sentence. The court made clear that it was mindful of Gedvick's primary arguments, and as this court noted in *Jones*, a district court is not required to address every argument in mitigation, or else "the procedural reasonableness review will become appellate micromanaging of the sentencing process." 445 F.3d at 871. Moreover, Gedvick fails to point to any relevant factor that the district court neglected to consider that would have impacted his sentence. *See United States v. Dexta*, 470 F.3d 612, 615 (6th Cir. 2006).

We accordingly reject Gedvick's challenge to the procedural reasonableness of his sentence.

## B.

With regards to substantive reasonableness, Gedvick's primary argument is that his unique health concerns warrant lenity in sentencing. The district court did, however, sentence Gedvick below the Guidelines range largely on the basis of his poor health. Nothing in the record suggests that the district court erred by not sentencing Gedvick even further below the Guidelines range and statutory minimum. The mere fact that the district court did not give Gedvick the exact sentence he sought is not a cognizable basis to appeal, particularly where the district court followed the mandate of § 3553(a) in all relevant respects. *See United States v. Jackson*, 466 F.3d 537, 540 (6th Cir. 2006). Accordingly, we reject Gedvick's claim that his sentence is substantively unreasonable.

## III.

For the foregoing reasons, we affirm the judgment and sentence of the district court.