NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0352n.06

No. 10-3297

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Apr 04, 2012

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| WAEL S. HERBAWI, aka Vinni Ameri, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before: KEITH, MARTIN, and GIBBONS, Circuit Judges.

PER CURIAM. Wael S. Herbawi, a federal prisoner represented by counsel, appeals his 110 month sentence following his guilty plea to two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

After selling two firearms to a confidential informant, Herbawi was arrested and charged with two counts of violating § 922(g)(1). Herbawi pled guilty to both counts. A presentence report calculated Herbawi's total offense level as twenty-five and his criminal history category as V, resulting in an advisory sentencing guidelines range of 100 to 120 months of imprisonment. The district court sentenced Herbawi to 110 months of imprisonment on each count, to be served concurrently, followed by three years of supervised release.

On appeal, Herbawi argues that his sentence is procedurally unreasonable because the district court failed to consider the circumstances of Herbawi's prior convictions, rather than just the fact that he had multiple convictions. Herbawi argues that many of his prior convictions were related to his employment as manager of a convenience store that was located in a violent area. Herbawi's argument regarding substantive reasonableness is similar to that of his procedural reasonableness

argument. He claims that the district court did not take into account the circumstances of his prior convictions; the fact that he has never served significant prison time; and the impact his extended absence would have on his family.

We review sentences imposed by the district court for reasonableness, which has both a procedural and a substantive component. *Gall v. United States*, 552 U.S. 38, 51 (2007). Procedural errors include instances where a sentencing court "fail[s] to calculate (or improperly calculat[es]) the Guidelines range, treat[s] the Guidelines as mandatory, fail[s] to consider the [18 U.S.C.] § 3553(a) factors, select[s] a sentence based on clearly erroneous facts, or fail[s] to adequately explain the chosen sentence." *Id*. "The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632-33 (6th Cir. 2010). "A sentence may be substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Vowell*, 516 F.3d 503, 510 (6th Cir. 2008) (alterations and internal quotation marks omitted). Sentences within the guideline range are presumptively reasonable. *See United States v. Vonner,* 516 F.3d 382, 389-90 (6th Cir. 2008) (en banc). We review a sentencing determination for reasonableness under a deferential abuse-of-discretion standard. *United States v. Studabaker*, 578 F.3d 423, 430 (6th Cir. 2009).

The record demonstrates that the district court heard the parties' arguments, considered the nature and circumstances of Herbawi's offenses, and concluded that a sentence within the sentencing guidelines range was warranted. Although Herbawi stresses that the neighborhood and environment of his employment were significant to his conduct, his current criminal actions were not related to having or using a firearm in the convenience store to protect himself or others. Rather, he was indicted for selling firearms for profit. Additionally, at the time of the instant offenses, Herbawi was on probation for possessing weapons under a disability.

Herbawi's arguments in mitigation have not rebutted the presumptive reasonableness of his sentence. While Herbawi's mitigation evidence could have supported a lower sentence, he has not

demonstrated that a lesser sentence was required. *See United States v. Jackson*, 466 F.3d 537, 540 (6th Cir. 2006). Given Herbawi's criminal history, the circumstances of his current offenses, and the fact that he has never served a significant prison term, the district court's sentence was not unreasonable.

The judgment of the district court is affirmed.