NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

FILE NAME:  14A0410N.06

CASE NO. 13-1702

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jun 09, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | ) | |
| | ) | |
| *Plaintiff-Appellee*, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| LUCIO M. NUNEZ, | ) | |
| | ) | |
| *Defendant-Appellant*. | ) | |
| | ) | |

Before:  BATCHELDER, Chief Judge; McKEAGUE, Circuit Judge; and OLIVER, District Judge.[*]

**ALICE M. BATCHELDER, Chief Judge.**  The appellant, Lucio Nunez, represented by counsel, appeals the judgment of sentence in this criminal case.  We AFFIRM.

On February 1, 2013, Lucio Nunez signed a Plea Agreement in which he admitted his participation in a conspiracy to possess with intent to distribute at least 15 kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(ii).  Based on this admission, the federal sentencing guidelines base offense level was 34.  But the Plea Agreement also provided for a two-level reduction for acceptance of responsibility and an additional one-level reduction for his accepting responsibility early enough to allow the AUSA to avoid preparation for trial, resulting in a base offense level of 31.  This offense level, under a Criminal History Category of I, corresponded to an advisory sentencing guideline range of 108 to 135 months in prison.

However, in Nunez's Presentence Report (PSR), the probation officer recommended that the court hold Nunez accountable for distributing 4.5 kilograms of marijuana, four ounces of

_____

[*]The Honorable Solomon Oliver, Jr., Chief Judge for the United States District Court for the Northern District of Ohio, sitting by designation.

heroin, 21 kilograms of cocaine, and 30 pounds of methamphetamine. This quantity of drugs corresponded to a base offense level of 38. The PSR rejected the reduction for acceptance of responsibility because Nunez had lied during his initial presentence interview (about facts which he subsequently admitted in his Plea Agreement) and recommended two enhancements: a four-point enhancement for Nunez's role as the leader of the conspiracy and a two-point enhancement for witness intimidation (because Nunez sent a threatening note to a witness). The PSR reduced the resulting total offense level from 44 to 43 because 43 is the highest level in the sentencing table. This offense level, under a Criminal History Category of I, corresponded to an advisory sentencing guideline range of 360 to 480 months in prison. This range was obviously much higher than the 108-135 range that Nunez anticipated when he entered the Plea Agreement.

On May 14, 2013, the district court conducted a sentencing hearing and found that 360 to 480 months was the appropriately calculated guidelines range. Nevertheless, the court found that even 360 months was greater than necessary to accomplish the purposes of sentencing and sentenced Nunez to 300 months in prison; 60 months *below* the advisory range.

At the sentencing hearing, the AUSA called a co-conspirator to testify about Nunez's role as a leader of the conspiracy, Nunez's participation in a concurrent but uncharged methamphetamine distribution enterprise, and a note ("kite") the witness received in jail while awaiting trial, instructing him to "continue . . . with the plan [and] . . . keep silent," which he believed to be from Nunez. Defense counsel cross-examined this witness and never raised any complaint about lack of notice, the scope of the hearing, or the witness testimony. Based on this failure to complain to the district court, which deprived the district court of any opportunity to address this itself, Nunez has forfeited any such complaint on appeal. *United States v. Mobey*,

2

618 F.3d 539, 550 (6th Cir. 2010). To the extent that we review this for plain error, we find none. *See* Fed. R. Crim. P. 32(i)(2) (allowing witness testimony at sentencing).

The district court considered this testimony, along with substantial additional evidence, to tabulate a drug quantity that corresponded to an advisory guidelines base-offense level. The court also found, from the totality of the evidence, that Nunez was a leader of the conspiracy, had obstructed justice, and had not actually accepted responsibility, despite his guilty plea. On the basis of that evidence, the court enhanced the offense level and denied the requested reduction for acceptance of responsibility. Contrary to Nunez's contentions, none of these factual findings implicated either *Apprendi v. New Jersey*, 530 U.S. 466 (2000), or *Alleyne v. United States*, 570 U.S. --, 133 S. Ct. 2151 (2013), because the findings did not change the statutory maximum or minimum. *See United States v. Cooper*, 739 F.3d 873, 884 (6th Cir. 2014) (explaining that *Apprendi* and *Alleyne* do not apply when judge-found facts increase the guidelines range rather than the statutory maximum or minimum). This was legitimate judicial fact finding in support of the court's broad exercise of sentencing discretion. *See United States v. Johnson*, 732 F.3d 577, 584 (6th Cir. 2013).

From our careful review of the record, we find that the district court properly considered the additional marijuana and methamphetamine distribution as relevant conduct for the purpose of calculating the advisory guidelines range. Similarly, the court properly considered the note – which it found Nunez had authored and sent to the co-conspirator, instructing him to stick with the plan and stay quiet – to be evidence of obstruction of justice. Finally, the court properly determined, based on Nunez's overall conduct and the discrepancies between his story and the stories of all the other witnesses, that Nunez had not actually accepted responsibility. The court substantiated its factual findings and properly calculated the advisory range.

Furthermore, from our careful review of the sentencing transcript, we find that the district court did not treat the guidelines as mandatory. In fact, after calculating a range of 360 to 480 months in prison, the court found that range to be greater than necessary to accomplish the purpose of sentencing and imposed a below-guidelines sentence of 300 months. That is, the court adequately addressed the 18 U.S.C. § 3553(a) factors and established a sentence that was "reasoned and properly founded." *United States v. Bridgewater*, 479 F.3d 439, 442 (6th Cir. 2007) (explaining that the sentencing court need not "recite the statute" or "invok[e] . . . magic words"). Because defense counsel did not object to the court's recitation of the § 3553 factors, even after the court asked for any such objections, our review is for plain error. *United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004). We find no error, plain or otherwise, in the sentence that the district court imposed, even though it was higher than Nunez may have contemplated when entering his Plea Agreement.

Finally, while 18 U.S.C. § 3553(a)(6) instructs us to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," we need consider only "national disparities," not disparities among co-conspirators. *See United States v. Greco*, 734 F.3d 441, 451 (6th Cir. 2013). Here, as the district court fully explained, any disparity in the sentences of these co-conspirators was due to their differing circumstances, either within the conspiracy or in the judicial process thereafter.

For the foregoing reasons, we AFFIRM the judgment of the district court.