NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0315n.06

Case No. 14-3730

**FILED**
May 01, 2015
DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| THOMAS G. FRANCE, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| _____/ | ) | |

Before: MERRITT, BOGGS, and ROGERS, Circuit Judges.

**MERRITT, Circuit Judge.** This appeal follows the conviction of a real estate agent on charges related to a mortgage-fraud conspiracy conducted in 2007 in Medina, Ohio. The government accused Thomas G. France and others of conspiring to defraud mortgage lenders using inflated appraisals, fraudulent loan documents, and straw purchasers. According to the government's theory, France collected the real estate commissions, his co-conspirators split the mortgage overages, and the lenders were left to foreclose on houses worth substantially less than the debts they secured. Some of his indicted co-conspirators pleaded guilty, but France went to trial. A jury convicted France on all charges: one count of conspiracy to commit bank and wire fraud and four counts of bank fraud. *See* 18 U.S.C. §§ 371, 1343–44. The trial judge imposed a 125-month sentence. On appeal, France challenges: (1) the sufficiency of the evidence at trial,

(2) the accuracy of certain jury instructions, (3) the trial court's admission of evidence addressing other real estate transactions, and (4) the substantive reasonableness of his below-Guideline sentence. He also raises a claim of ineffective assistance of trial counsel. For the reasons that follow, we affirm the judgment of the district court and leave the question of trial counsel's effectiveness for a habeas court with a more fully developed record.

*Sufficiency of the Evidence.* France challenges the government's proof that he knowingly joined the conspiracy. He also challenges the proof that he knowingly executed the fraudulent scheme with the specific intent to defraud the banks. In light of the jury's guilty verdict, our de novo review is limited to determining "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Accordingly, as we review the testimony, we give the government the benefit of any reasonable inferences that would have been available to the jury. *Id.*

That jury heard a real estate appraiser testify that France offered him "a bag of money" if he would appraise one of the properties in question at a particular value. The appraiser testified that, while he had provided inflated appraisals for other frauds, he simply would not have been able to conceal a fraud of the magnitude France had requested. Tr. 776. The difference between the requested valuation and the actual home value prompted him to ask, "[W]hat is this thing, going to be dipped in gold?" Tr. 737. The jury also heard an admitted co-conspirator testify that in a meeting following the first suspicious calls from the bank, France advised the group: "Stay with the story we've developed and we'll be okay." Tr. 33.

While France argues that the jury never heard evidence linking him to the first meeting of the conspiracy or certain other discrete acts, this would not prevent a reasonable jury from

believing evidence that indicated he knowingly participated in other aspects of the crime. The prosecution was not obligated to prove that France was the organizing force, much less that he participated directly in each act. It needed only to prove that France participated knowingly and willfully in the conspiracy and that there was at least one overt act to advance it. *United States v. Warshak*, 631 F.3d 266, 308 (6th Cir. 2010). If believed, testimony recounting France's recommendation that the conspirators stick to their "story" and his offer to pay the appraiser "a bag of money" for an inflated appraisal would support the jury's guilty verdict. The same testimony compels us to honor that verdict.

*Jury Instructions*. As to the conspiracy count, France also complains for the first time on appeal that the district court erred when it omitted the word "knowingly" during a transition in the jury instructions. France did not object at trial, so we review these instructions only for plain error. *United States v. Damara*, 621 F.3d 474, 498 (6th Cir. 2010). On plain error review, we reverse only if "the jury instructions taken as a whole were so erroneous as to produce a grave miscarriage of justice." *United States v. Mack*, 729 F.3d 594, 605 (6th Cir. 2013). The judge in this case repeatedly advised the jury that the prosecution had to prove that France *knowingly and voluntarily* joined the conspiracy. Taken as a whole, the absence of the word "knowingly" in the trial court's summary of the conspiracy instructions did not negate its clear and repeated charge to the jury on the mens rea requirement.

*Admissibility of Evidence from Other Transactions*. France challenges the admissibility of evidence regarding certain other transactions not included in the indictment. He argues that evidence of these other bad acts was inadmissible propensity evidence. *See* Fed. R. Evid. 404(b)(1). France's counsel apparently did not object when this evidence was admitted at trial,

so we review its admission for plain error. *United States v. Marrero*, 651 F.3d 453, 470–71 (6th Cir. 2011).

The decision to admit relevant but potentially unfairly prejudicial evidence is a nuanced one traditionally committed to "the sound discretion of the trial court." *United States v. Zipkin*, 729 F.2d 384, 389 (6th Cir. 1984). Bad-act evidence is admissible to prove the defendant's state of mind. *See* Fed. R. Evid. 404(b)(2). The government argues on appeal that the evidence of France's involvement in other similar real estate transactions goes to prove his knowledge and specific intent, or, put another way, the absence of mistake. In a trial for a specific-intent crime such as bank fraud where the defendant's opening statement proclaims he "got hoodwinked, taken advantage of, used, abused, and then kicked to the curb," Tr. 55, evidence showing the contrary—i.e., that he knew what he was doing—has obvious relevance.

France attempts to distinguish the facts of the various other transactions from the transactions in the indictment and argue that evidence of those transactions "served no legitimate purpose other than to . . . present[] him as an unscrupulous real estate agent who had questionable business associates." France Br. 32. But this is not the forum for first considering "whether the danger of undue prejudice outweighs the probative value of the evidence." Fed. R. Evid. 404 advisory committee's note. Whether or not we would have admitted that evidence over a timely objection, we cannot conclude that its admission "seriously affect[ed] the fairness, integrity, or public reputation" of the proceedings. Accordingly, its admission does not rise to the level of plain error that we might address in the absence of a timely objection. Fed. R. Crim. P. 52(b); Fed. R. Evid. 103(e).

*Substantive Reasonableness of Sentence*. France also challenges the substantive reasonableness of the 125-month sentence of incarceration imposed, arguing that the sentencing

judge overemphasized the need for punishment. Specifically, France suggests that he was punished for "his decision to exercise his constitutional right to proceed to trial." France Br. 46. The record shows otherwise. The district court only mentions the discrepancy between France's sentence and those of his cooperating co-conspirators in the context of explaining the nature of our plea bargaining system. Sentencing Tr. 47–48.

Discrepancies between bargained-for sentences and those imposed after a trial may be dramatic, but explaining that feature of our criminal justice system does not make a sentence substantively unreasonable. The trial judge in this case considered the facts of France's case in light of the factors set out in 18 U.S.C. § 3553(a), varied downward from the recommended range indicated by the Sentencing Guidelines, and imposed a sentence within that lower range. France has failed to overcome the presumption that this sentence is reasonable. *See United States v. Jackson*, 466 F.3d 537, 540 (6th Cir. 2006).

*Ineffective Assistance of Trial Counsel.* Finally, France argues through new counsel on appeal that he was denied effective assistance of counsel at sentencing. Raising this claim on direct appeal rather than through habeas review under 28 U.S.C. § 2255, he suggests that the trial record clearly demonstrates the deficiency of his trial counsel at sentencing and the prejudicial impact required to make out a claim of ineffective assistance. *See United States v. Shabazz*, 263 F.3d 603, 612 (6th Cir. 2001). France points to exhibits submitted by trial counsel ostensibly in support of an argument that his thyroid disease justified a medical variance at sentencing. However, along with documentation of the thyroid issue, France's trial attorney filed more voluminous records documenting a cocaine addiction and an occasion when he struck his wife with a baseball bat. France finds evidence of prejudice in the prosecution's use of those records to argue for a sentence at the high end of the Guidelines range and the sentencing judge's

comments that "all this cocaine abuse and use and all these allegations and threats against [France's] wife . . . kind of puts a damper on all the positive things." Sentencing Tr. 46.

The record is silent, however, as to any strategy that may have motivated France's trial counsel to provide the court with documentation of cocaine addiction and domestic violence. We decline to speculate. It is possible that counsel was deficient, but the presumption of competency that attaches to trial counsel cannot be overcome in this case without some factual development through proceedings under § 2255, "the preferred mode for raising a claim of ineffective assistance of counsel." *United States v. Ferguson*, 669 F.3d 756, 762 (6th Cir. 2012) (citing *Massaro v. United States*, 538 U.S. 500, 504 (2003)). We leave this question for consideration on a properly developed record.

*Conclusion.* For these reasons, we find no error in the conviction and sentence and affirm the judgment of the district court. We leave the question of trial counsel's effectiveness for initial consideration through collateral proceedings.