NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 15a0431n.06

Case No. 14-3895

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jun 10, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| TAURUS DEVAULT, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: MOORE and COOK, Circuit Judges; COHN, District Judge.[*]

COOK, Circuit Judge. Taurus Devault appeals his below-guidelines sentence for sex-trafficking a minor and conspiring to promote prostitution. We AFFIRM.

In July 2012, federal task-force officers responded to a post on www.backpage.com advertising the services of a sixteen-year-old girl and another woman. Devault drove the two women and his co-conspirator, Duane Hill, to an arranged meeting at a Toledo, Ohio motel. The officers took the women into custody after they agreed to exchange sex for money. Devault and Hill fled to avoid arrest but both were eventually apprehended and charged.

Devault pleaded guilty to conspiring to use a facility in interstate commerce to promote prostitution in violation of 18 U.S.C. §§ 371 and 1952(a)(3), and knowingly recruiting, enticing,

---

[*]The Honorable Avern Cohn, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

or transporting a minor to engage in a commercial sex act in violation of 18 U.S.C. § 1591(a)(1) and (c). His total offense level of 36 and criminal history category of V yielded an advisory guidelines range of 292 to 365 months' imprisonment, but the district court varied downward and imposed a 224-month sentence. His co-defendant, Hill, received a 200-month sentence.

Devault argues that his sentence produces unwarranted sentencing disparities between co-defendants and is greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a). We review for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41 (2007). Because we accord within-guidelines sentences a rebuttable presumption of reasonableness, Devault faces an "even more demanding" burden in challenging the length of his below-guidelines sentence. *United States v. Fields*, 763 F.3d 443, 455 (6th Cir. 2014) (internal citation and quotation marks omitted). He fails to carry that burden here.

We perceive no abuse of discretion in the court's decision to impose a longer sentence on Devault than his co-defendant, Hill. Although Devault continues to argue that he played at most a minor role in their scheme, the district court found it "far more likely than not that [Devault was] an active participant in the activities that Mr. Hill was helping to orchestrate," including other incidents of prostitution. Devault also had a more extensive criminal history than his co-defendant and submitted a forged document to the court in an attempt to shift all responsibility to Hill. Under the circumstances, Devault's longer sentence is reasonable.

Devault also argues that his personal characteristics warranted a larger downward variance, pointing to his largely non-violent criminal history and success in obtaining a GED despite untreated substance abuse. But he fails to explain why those factors *required* the district court to impose a lighter sentence than 224 months' imprisonment. *See United States v. Brown*, 579 F.3d 672, 687 (6th Cir. 2009) (citing *United States v. Jackson*, 466 F.3d 537, 540 (6th Cir.

2006)).    Moreover, the district court accounted for Devault's unique circumstances at sentencing—specifically, the fact that eight of his fourteen criminal-history points stemmed from convictions for driving without a license or with a suspended license—and lowered his criminal history category from VI to V when calculating his guidelines range.  *See* U.S.S.G. § 4A1.3(b). And it ultimately imposed a sentence well below the guidelines range, notwithstanding Devault's serious crime and unwillingness to accept responsibility.

Finding no abuse of discretion, we AFFIRM.