**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 18a0474n.06**

No. 17-5777

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| JOSEPH BANKS, | ) | |
| | ) | **OPINION** |
| **Defendant-Appellant.** | ) | |
| | ) | |

**FILED**
Sep 20, 2018
DEBORAH S. HUNT, Clerk

Before: BATCHELDER, MOORE, and SUTTON, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** Joseph Banks appeals his sentence of 396 months' imprisonment for convictions under 18 U.S.C. §§ 922(g), 924(c), and 2119. For the following reasons, we **AFFIRM**.

## I. BACKGROUND

On August 1, 2013, a jury convicted Banks of one count of carjacking in violation of 18 U.S.C. § 2119, one count of brandishing and discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c), and two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). R. 44 (Superseding Indictment) (Page ID #70–72); R. 62 (Jury Verdict) (Page ID #163–68). The district court subsequently sentenced Banks to 420 months' imprisonment. R. 94 (Judgment) (Page ID #1115–22).

On his first appeal, Banks raised multiple challenges to both his conviction and sentence. Relevant to the instant appeal, Banks challenged his classification as a career offender under the

Sentencing Guidelines. *United States v. Strong*, 606 F. App'x 804, 813 (6th Cir.), *cert. denied*, 136 S. Ct. 140 (2015), *and cert. granted, judgment vacated sub nom. Banks v. United States*, 136 S. Ct. 365 (2015). Banks did not "contest that his prior conviction for manslaughter (originally charged as first-degree murder) constitute[d] a crime of violence," but focused his argument on whether his "Class E felony conviction for evading arrest under Tennessee law" in violation of Tenn. Code Ann. § 39-16-603(b)(1) was a crime of violence. *Id.* Relying on a previous decision in which we had held that a violation of § 39-16-603(b)(1) fell within the residual clause of the Armed Career Criminal Act ("ACCA"), we concluded that Banks's conviction for evading arrest counted as a crime of violence under the identically worded residual clause in the Guidelines. *Id.* We did note, however, that our decision might be affected by the then-pending decision in *Johnson v. United States (Johnson 2015)*, 135 S. Ct. 2551 (2015), and "invite[d] Banks to revisit our decision . . . by filing a petition for a writ of certiorari" if *Johnson 2015* proved relevant. *Strong*, 606 F. App'x at 813 n.1.

The Supreme Court subsequently held in *Johnson 2015* that the residual clause of the ACCA was unconstitutionally vague. 135 S. Ct. at 2557. Banks petitioned for a writ of certiorari, and the Supreme Court granted his petition, vacated the judgment, and remanded "for further consideration in light of" its recent decision. *Banks v. United States*, 136 S. Ct. 365 (2015). On remand, we "reinstate[d] our prior opinion except as to Part III.C," which was the section analyzing whether Banks was a career offender under the Guidelines, and "issue[d] a limited remand to the

district court for further consideration in light of" *Johnson 2015*.[1]  *United States v. Banks*, No. 14-5168 (6th Cir. Nov. 23, 2015) (order).

Between our remand to the district court and the district court's re-sentencing, the U.S. Sentencing Commission amended U.S.S.G. § 4B1.2(a), which defines the term "crime of violence," and removed the residual clause.  Sentencing Guidelines for United States Courts, 81 Fed. Reg. 4741-02 (Jan. 27, 2016).  Consequently, at the resentencing hearing the parties and the district court all agreed that Banks no longer qualified as a career offender under the amended Guidelines.  R. 144 (Resentencing Tr. at 4, 26–27) (Page ID #1343, 1365–66).  This reduced Banks's Guidelines range from the original range of 412 to 485 months' imprisonment to a new range of 382 to 447 months' imprisonment.  *Id.* at 27 (Page ID #1366).

At the hearing, the government argued that the district court should re-impose the 420-month sentence that Banks had previously received, as this sentence was still within the new Guidelines range.  *Id.* at 31 (Page ID #1370).  Banks argued that his post-sentencing behavior in prison should be viewed favorably by the district court and that he should be sentenced at or below the lower end of the new range.  *Id.* at 33 (Page ID #1372).  While incarcerated, Banks had participated in multiple educational programs offered at the prison and served as a suicide companion, observing other prisoners on suicide watch.  *Id.* at 15 (Page ID #1354).  Banks's defense counsel did acknowledge, however, that Banks had received one disciplinary infraction

---

[1]Our remand to the district court occurred approximately sixteen months before the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), in which the Court held that the residual clause in § 4B1.2(a) was not subject to a constitutional void-for-vagueness challenge.

for possessing a dangerous weapon, although Banks had contemporaneously denied the charge. *Id.* at 16–18 (Page ID #1355–57).

After considering the sentencing factors enumerated in 18 U.S.C. § 3553(a), the district court imposed a new sentence of 396 months' imprisonment, followed by five years' supervised release. *Id.* at 34–48 (Page ID #1373–87). Banks subsequently appealed, R. 138 (Notice of Appeal) (Page ID #1321); *United States v. Banks*, No. 17-5777 (6th Cir. Oct. 3, 2017) (order), challenging the substantive reasonableness of his new sentence, Appellant Br. at 5.

## II. ANALYSIS

We review a defendant's claim that his sentence is substantially unreasonable under an abuse-of-discretion standard. *United States v. Solano-Rosales*, 781 F.3d 345, 355–56 (6th Cir. 2015); *see also Gall v. United States*, 552 U.S. 38, 46 (2007). "Unlike procedural reasonableness claims, an appeal arguing that a sentence is substantively unreasonable is not subject to plain error review for failure to object at the sentencing hearing." *Solano-Rosales*, 781 F.3d at 356.

"A sentence is substantively reasonable if it is proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of [18 U.S.C.] § 3553(a)." *Id.* On the other hand, "a sentence may be substantively unreasonable where the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors, or gives an unreasonable amount of weight to any pertinent factor." *Id.* (square brackets, internal quotation marks, and citation omitted). When, as here, a defendant's sentence falls within a correctly

calculated Guidelines range, we apply a rebuttable presumption of substantive reasonableness. *United States v. Adams*, 873 F.3d 512, 520 (6th Cir. 2017).

Banks raises three main arguments for why the district court's sentence was substantively unreasonable: (1) "[t]he [d]istrict [c]ourt should have given greater credence to the progress [he] has made while serving his very lengthy sentence," Appellant Br. at 11; (2) the district court placed too little weight on the parsimony principle in § 3553(a) causing it to over-emphasize the goal of deterrence when determining Banks's sentence, Appellant Br. at 14–17; and (3) because he is no longer classified as a career offender under the Guidelines, the district court should have reduced his sentence by more than twenty-four months, *id.* at 17–18. Each of these arguments fails.

First, the district court properly considered Banks's post-sentencing conduct. *See Pepper v. United States*, 562 U.S. 476, 490 (2011) ("[W]hen a defendant's sentence has been set aside on appeal and his case remanded for resentencing, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing . . ."). The district court commended Banks for his completion of a fourteen-month HVAC training program, noted that Banks had received a number of other certifications, and acknowledged "a very favorable statement from a supervisor." R. 144 (Resentencing Tr. at 36, 39) (Page ID #1375, 1378). But the district court stated that Banks's disciplinary infraction for possessing a dangerous weapon was similar to his prior violent offenses. *Id.* at 39 (Page ID #1378). The district court, therefore, reasoned that this infraction demonstrated that the need to protect society had not "dissipated." *Id.* The district court's conclusion that its concerns about Banks's disciplinary infraction in prison outweighed the positive

progress that Banks had made toward rehabilitation was not an abuse of discretion. *See United States v. Evans*, 699 F.3d 858, 868–69 (6th Cir. 2012) (holding that the district court did not abuse its discretion when it concluded that a defendant's "difficult upbringing" was "outweighed by his lengthy and serious criminal history").

Banks next argues that his sentence is "greater than necessary to serve as a deterrent." Appellant Br. at 17. He claims that this is because the district court over-emphasized the goal of deterrence by failing to consider the effect on his total sentence of the mandatory minimum sentence he faced due to his § 924(c) conviction. *Id.* at 16; *see also Dean v. United States*, 137 S. Ct. 1170, 1176–78 (2017) (holding that district courts have the discretion to consider the mandatory minimum sentence "imposed under § 924(c) when calculating a just sentence for the predicate count"). Despite Banks's suggestion to the contrary, Appellant Br. at 16, the district court did not ignore how Banks's overall sentence would be affected by the 120-month mandatory minimum sentence imposed under § 924(c), but rather repeatedly noted its impact. *See* R. 144 (Resentencing Tr. at 40–42, 49) (Page ID #1379–81, 1387). But the singular fact that the district court, in its discretion, did not reduce Banks's sentence on the predicate offenses because of the mandatory minimum sentence on his § 924(c) conviction does not make his within-Guidelines sentence substantively unreasonably. *United States v. Dexta*, 470 F.3d 612, 616 (6th Cir. 2006), *cert. denied*, 551 U.S. 1171 (2007) ("[The] mere allegation that the sentence imposed is greater than necessary to achieve the goals of punishment outlined in § 3553(a) is insufficient to rebut the presumption of reasonableness.").

6

Lastly, Banks argues that, once he was no longer classified as a career offender under the Guidelines, his new sentence "should have been reduced by a commensurate amount." Appellant Br. at 17. Banks does not explain what he would consider to be "a commensurate amount" and why a reduction of his sentence by two years is insufficient. The district court explained that Banks's status as a career offender did affect its original sentencing decision, but not in a substantial way. R. 144 (Resentencing Tr. at 45–46, 48) (Page ID #1384–85, 1387). It therefore felt that, without the career-offender enhancement, the goals of sentencing could be achieved by a slightly shorter sentence. *Id.* at 48 (Page ID #1387). We cannot say that the district court's decision to reduce his sentence by twenty-four months—as opposed to a greater amount—was substantively unreasonable.

At bottom, Banks's claim that his sentence is substantively unreasonable is the "assertion that the district court should have reached a different conclusion." *United States v. Wright*, 329 F. App'x 615, 623 (6th Cir. 2009); *see also United States v. Jackson*, 466 F.3d 537, 540 (6th Cir. 2006), *cert. denied*, 549 U.S. 1290 (2007). But on abuse-of-discretion review of a district court's sentencing decision, we do not substitute our judgment for that of the district court. *United States v. Christman*, 607 F.3d 1110, 1117 (6th Cir.), *cert. denied*, 562 U.S. 973 (2010).

### III.  CONCLUSION

For the foregoing reasons, we conclude that Banks's new sentence is not substantively unreasonable, and therefore we **AFFIRM** the district court's decision.