NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0354n.06

No. 13-3762

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
May 02, 2014
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| BRAND D. BRITTON, | ) | DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

**BEFORE:** **KEITH, SILER, and ROGERS, Circuit Judges.**

**DAMON J. KEITH, Circuit Judge.** Defendant Brand Britton appeals a 60-month sentence handed down by the Northern District of Ohio on the grounds that the sentence is procedurally and substantively unreasonable. Because Britton has failed to meet his burden of proof, we **AFFIRM** the sentence of the district court.

**I.**

Britton has battled alcohol dependency and mental illness, for which he is currently being treated, for the majority of his life. The facts underlying his conviction and sentence are as follows:

On the evening of September 3, 2012, Britton made two irate, expletive-laden telephone calls from Akron, Ohio, to San Diego, California, approximately six minutes apart from each other, to an online dating service known as Mega Mates. Britton was under the influence of alcohol and painkillers when he made the calls, allegedly in response to prank calls he had earlier

received. During the first call, Britton demanded that Mega Mates delete a mailbox which Britton claimed not to have requested. He began the phone call as follows: "Maybe this will get your goddamn fuckin' Jesus Satan fuckin' Lucifer fuckin' attention, you mother-fuckers." In the rambling and incoherent call, he threatened to violently rape and sodomize the company employees' children with butcher knives: "in the name of Jesus. Because Jesus is my god, you see? And Satan is yours. So when Jesus commands me to shove a butcher knife up your children's asses . . . then you have to know that you must die, in the name of Jesus and Satan together!" During the second call, Britton threatened the employees' children, and also stated that he intended to "kill Obama and O'Romney." R.25, Plea Agreement, ¶19, Pg ID 211-213. Britton was arrested on October 1, 2012, and the United States Secret Service filed a complaint against him.

Upon his arrest, a federal magistrate judge ordered Britton to undergo evaluation for the purpose of determining his competency to stand trial. Upon evaluation, a Bureau of Prisons psychologist diagnosed Britton, *inter alia*, with chronic depression, alcohol dependence, and pedophilia. According to Britton's presentence report, he has battled alcohol dependence since he was fifteen years old, and had battled issues related to depression and anger for most of his life. [R.21, [SEALED] Presentence Report, ¶¶69-74, PgID 174-175]. He was nevertheless found competent to stand trial. On March 6, 2013, after Britton's competency hearing, the United States Attorney filed an Information against Britton, charging him with one count of transmitting threatening communications in interstate commerce, in violation of 18 U.S.C. § 875(c). Pursuant to a plea agreement, Britton pleaded guilty to the Information before the magistrate judge on March 13, 2013.

The plea agreement recommended a base offense level of 12, with a two-level enhancement for multiple threats, and a two-level reduction for acceptance of responsibility. According to the pre-sentence report, Britton's total offense level was 12, and his criminal history category was V—resulting in an Advisory Guidelines range of 27-33 months.

Britton wrote a lengthy, rambling letter, dated May 15, 2013, to the district court concerning his reasons for making the telephone calls to Mega Mates, and attempting to present mitigating information to the court. Britton penned another incoherent letter, dated May 31, 2013, wherein he wrote in the margins of the pages of his "damned life"; this letter was also forwarded to the district court. On that same day, the district court entered an order advising the parties that it might upwardly vary by six levels at sentencing. At the June 11, 2013 sentencing hearing, the court did indeed upwardly vary from a total offense level of 12 to 18, thereby increasing the Advisory Guidelines range to 51-63 months. The district court then imposed the statutory maximum term of 60 months' imprisonment, three years of supervised release and a $100 special assessment. The district court explained the sentence in a written sentencing opinion, emphasizing Britton's history of alcohol-related crimes. Britton filed a timely notice of appeal on June 14, 2013.

II.

A.      *Standard of Review*

This Court reviews the reasonableness of a criminal sentence for an abuse of discretion. This deferential review is two-pronged, comprising a procedural and a substantive component. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Jeross*, 521 F.3d 562, 569 (6th Cir. 2008).

A district court abuses its discretion as to procedural reasonableness if it "commits a significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *United States v. Alexander*, 543 F.3d 819, 822 (6th Cir. 2008) (quoting *Gall*, 552 U.S. at 51). Where, as in this case, a defendant fails to object on the grounds of procedural reasonableness after the district court has satisfied the requirements of *United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004), this Court may review any objection as to procedural reasonableness for plain error only. *See United States v. Vonner*, 516 F.3d 382, 385-86 (6th Cir. 2008) (*en banc*).

If the district court's sentence is procedurally reasonable, this Court then considers whether or not the sentence is substantively reasonable. Substantive reasonableness is reviewed for abuse of discretion, and takes into consideration "the totality of the circumstances, including the extent of a variance from the Guidelines range." *Gall*, 552 U.S. at 51; *see also Jeross*, 521 F.3d at 569 ("The ultimate sentence, however, is reviewed for reasonableness."). We consider whether or not the district court chose the challenged sentence arbitrarily, based it upon impermissible factors, or gave an unreasonable amount of weight to any particular factor. *United States v. Lanning*, 633 F.3d 469, 474 (6th Cir. 2011). Where a district court's sentence varies from the Guidelines, we must "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance," *United States v. Grossman*, 513 F.3d 592, 596 (6th Cir. 2008) (quoting *Gall*, 552 U.S. at 51), when reviewing the district court's "determination that there is a legitimate correlation between the size of the variance and the reasons given for it. . . ." *Id.* at 596. That we conclude that a different sentence might have

been appropriate is insufficient to justify reversal of the district court's decision. *United States v. Zobel*, 696 F.3d 558, 569 (6th Cir. 2012). Neither does a district court necessarily err simply by placing significant weight on a single factor, *see United States v. Adkins*, 729 F.3d 559, 571 (6th Cir. 2013), because sometimes, "one or two [factors] prevail, while others pale." *United States v. Bridgewater*, 479 F.3d 439, 442 (6th Cir. 2007).

### B. *Britton's 60-month sentence was not procedurally unreasonable.*

Britton did not object on grounds of procedural unreasonableness before the District Court; thus, as discussed, *supra*, because his counsel answered the *Bostic* question, his claim that the District Court's sentence was procedurally unreasonable is now reviewable only for plain error (R. 33, Sentencing Tr., Pg ID 250). In order to show plain error, Defendant must demonstrate "(1) error (2) that was 'obvious or clear,' (3) that 'affected defendant's substantial rights' and (4) that 'affected the fairness, integrity, or public reputation of the judicial proceedings.'" *Vonner*, 516 F.3d at 386 (6th Cir. 2008).

Britton has not made such a showing: he identifies no erroneous facts upon which the district court relied, and on that basis alone, his objection fails. Neither does he claim that the trial court failed to explain his sentence or consider the § 3553(a) factors in determining a sentence. Thus, there clearly exists no apparent procedural defect in the district court's sentence, and the district court's sentence was procedurally reasonable.

### C. *Britton's sentence was not substantively unreasonable.*

Britton alleges that the district court upwardly varied because of unsolicited letters that he sent to the district court. However, despite the fact that the timing of the court's announcement that it would upwardly vary coincides with the timing of Britton's second letter to the court, the record reflects that the district court actually upwardly varied because of his previous conviction

for gross sexual imposition and his history of alcohol-related crimes. (R. 33: Sentencing Tr., Pg ID 239-44).

Under 18 U.S.C. § 3553(a), the district court is required to consider "the nature and circumstances of the offense and the history and characteristics of the defendant" when imposing a sentence. Britton pled guilty to making threatening telephone calls, wherein he threatened to rape and sodomize children, while under the influence of alcohol and Percocet. Accordingly, his history of alcohol-related offenses and sexual offenses was a relevant consideration before the district court. When, as here, "a district court explicitly or implicitly considers and weighs all pertinent factors, a defendant clearly bears a much greater burden in arguing that the court has given an unreasonable amount of weight to any particular one." *Zobel*, 696 F.3d at 571. Additionally, this Court has recently emphasized that a sentencing judge may give great weight to a single sentencing factor. *See Adkins*, 729 F.3d at 571.

Britton's central substantive objection to the district court's sentence is his claim that basing the upward variance from the Guidelines upon his previous crimes is unreasonable because it had the effect of punishing him for crimes for which he had already been punished, and reflected undue weight placed upon his gross sexual imposition conviction. We disagree.

A sentence is substantively unreasonable if the sentencing court gives unreasonable weight to a pertinent § 3553(a) factor. *United States v. Liou*, 491 F.3d 334, 337 (6th Cir. 2007). "If a district court entirely discounted all but one 3553(a) factor, then that court would presumably be giving an unreasonable amount of weight to that factor." *United States v. Thomas*, 395 F. App'x 168, 174 (6th Cir. 2010).

Though the district court placed great emphasis upon Britton's prior convictions, the record reflects that the trial court considered his entire profile and history, and even considered

the fact that he had threatened the lives of President Obama and Governor Romney when considering a sentence. (R.23, Memorandum Opinion of Sentencing Factors, Pg ID 196-98). Therefore, Britton's contention that the district court only considered one § 3553(a) factor—his criminal history—is unfounded. This Court has held that a sentence is reasonable when a district court includes an explanation of the sentence that includes an examination of many of the § 3553(a) factors. *See United States v. Smith*, 474 F.3d 888, 894 (6th Cir. 2007) ("The court below examined many of the § 3553(a) factors and attached to them a not unreasonable weight. We conclude that it was within its discretion to impose the sentence it did."). By contrast, we have held that, unlike here, a sentence was unreasonable where a district court varied upward without explanation, and without prior notice that the court was contemplating upward variance on a ground previously unidentified. *See United States v. Cousins*, 469 F.3d 572, 578 (6th Cir. 2006) (holding that the district court's sentence was unreasonable under *United States v. Booker*, 542 U.S. 220 (2005)), *abrogated on other grounds by Irizarry v. United States*, 553 U.S. 708, 713-16 (2008).

Britton concedes that "'[n]o limitation shall be placed on the information' a sentencing court may consider 'concerning the [defendant's] background, character, and conduct.'" *Pepper v. United States*, 131 S.Ct. 1229, 1235-36 (2011) (quoting 18 U.S.C. § 3661). The law is equally clear that there is no presumption of unreasonableness as to above-Guidelines sentences. *See United States v. Johnson*, 640 F.3d 195, 202 (6th Cir. 2011). Rather, the record demonstrates the existence of a correlation between the extent of the district court's upward variance and its justification for that variance. Therefore, while the sentence pronounced by the district court was severe, Britton has not demonstrated, as he must in order to prevail before this Court, that it was unreasonable.

Consequently, we **AFFIRM** the sentence pronounced by the district court.