NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0378n.06
No. 19-3785

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
|  | ) | Jun 25, 2020 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
|  | ) |  |
| JASON DAVON STOVALL, | ) |  |
|  | ) |  |
| Defendant-Appellant. | ) |  |
|  | ) |  |

BEFORE: SUTTON, COOK, and MURPHY, Circuit Judges.

MURPHY, Circuit Judge. In late June and early July 2018, Jason Stovall posted many expletive-laden Facebook messages threatening on-air employees of the Ohio Lottery Commission. As one of his milder threats, for example, Stovall posted a July 2 message stating: "Keep rigging numbers an we will keep adding up the body count. Report this to Facebook all u want. [Victim #1] u deserve to be raped an killed. [Victim #2] you're a dead man walking." Stovall appeals his above-guidelines sentence. We affirm.

An indictment charged Stovall with four counts of violating 18 U.S.C. § 875(c), which prohibits individuals from "transmit[ting] in interstate or foreign commerce any communication containing . . . any threat to injure the person of another[.]" *Id.* Stovall pleaded guilty to all four counts. In a plea agreement entered under Federal Rule of Criminal Procedure 11(c)(1)(B), the

parties agreed to recommend that the district court impose a within-guidelines sentence calculated using a particular offense level. The presentence report agreed with the proposed offense level and identified Stovall's guidelines range as 18 to 24 months.

At sentencing the district court adopted this guidelines range. Two victims and one victim's spouse then described the harm that Stovall's threats had caused. After they spoke, the district court turned to the sentencing factors in 18 U.S.C. § 3553(a). It began with the serious nature of the crime. While Stovall had been charged with only two weeks' worth of threats, the court noted that his conduct had gone on for months. The court also recited the more extreme threats to show the "terror experienced by the victims." Stovall, for example, repeatedly said he was going to kill the victims' "f***ing" children. The court next discussed the other § 3553(a) factors, referencing Stovall's modest criminal history and prior mental-health concerns. It also noted the need to avoid unwarranted sentencing disparities, citing statistics suggesting that the average sentence for threat crimes was 17 months. After discussing these factors, the court varied upward from the guidelines range (18 to 24 months) based on "the extraordinary amount of harm visited upon these victims." The vicious nature of the threats—particularly, the threats to the victims' children—showed the need for extra deterrence as compared to a mine-run case. The court thus imposed a term of 36 months in prison to be followed by three years of supervised release.

On appeal Stovall claims that his above-guidelines sentence is substantively unreasonable. "This type of challenge asserts that a sentence is 'too long' because the district court placed 'too much weight on some of the § 3553(a) factors and too little on others.'" *United States v. Thomas*, 933 F.3d 605, 612–13 (6th Cir. 2019) (quoting *United States v. Parrish*, 915 F.3d 1043, 1047 (6th Cir. 2019)). While a district court's upward variance does not receive the presumption of reasonableness that applies to a within-guidelines sentence, we also do not judge the variance using any

counter-presumption of *un*reasonableness. *Id.* at 613. We will give the "greatest respect" to a variance when the district court adequately "explains how the present case is different from the typical or mine-run case" involving the same type of crime, but we will give "closer review" when a district court fails to provide that type of explanation. *United States v. Perez-Rodriguez*, __ F.3d __, 2020 WL 2745316, at *2 (6th Cir. May 27, 2020); *United States v. Boucher*, 937 F.3d 702, 708 (6th Cir. 2019). Ultimately, though, we must give deference to the district court's variance because we review it only for an abuse of discretion. *Thomas*, 933 F.3d at 613.

The district court rationally concluded that this case's extenuating circumstances took it outside the mine-run of threat crimes. To begin with, the government charged Stovall with only a few threats between June 28 and July 7, 2018, but his dozens of threats dated back to at least January 2018. As one victim recounted, "I mean, these were nonstop, these type[s] of messages." While Stovall received a two-level enhancement because he made more than two threats, *see* U.S.S.G. § 2A6.1(b)(2)(A), his total number of threats far exceeded the minimum required for that enhancement. In addition, Stovall did not simply threaten employees of the Ohio Lottery Commission. He also threatened their children, saying things like: "I'm gonna make sure all of your kids don't make it to their teenage years." That fact, too, could lead the court to view this case as different from a typical one. *Cf. United States v. Hoff*, 767 F. App'x 614, 625–26 (6th Cir. 2019) (upholding upward variance based in part on threats to child); *United States v. Britton*, 565 F. App'x 449, 451–54 (6th Cir. 2014) (same). "In short, the court supported its variance with rational reasons rooted in the § 3553(a) factors." *Thomas*, 933 F.3d at 613.

Stovall makes two arguments in response. He argues that the district court over-relied on a general deterrence rationale given his insignificant criminal history. Yet the court did acknowledge Stovall's modest criminal history. It simply concluded that this history did not offset

the "substantial harm and fear to the victims in this case." And while Stovall notes that the guidelines range also accounted for this deterrence rationale, we have "consistently" held that a district court may consider, "as one component of its decision to vary upward from the Guidelines, conduct that also factored into calculating the Guidelines range." *United States v. Howell*, 759 F. App'x 443, 444–45 (6th Cir. 2019) (quoting *United States v. Trejo*, 729 F. App'x 396, 399–400 (6th Cir. 2018)). The same logic applies to the district court's decision to rely on the need for adequate deterrence as a basis for the variance.

Citing our decision in *Boucher*, Stovall next says the district court failed to adequately address concerns with unwarranted sentencing disparities before varying upward. *See* 18 U.S.C. § 3553(a)(6). Here too, the district court acknowledged the need to avoid those disparities and recognized the average sentence for these types of crimes. But the court also reasonably explained why Stovall's conduct took his offense outside the "'mine-run case' under the applicable guideline." *Boucher*, 937 F.3d at 708 (citation omitted). The court's upward variance is thus entitled to the "greatest respect." *Id.* (citation omitted). Stovall has provided us with no grounds to overcome this deference.

We affirm.