NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0522n.06
Filed: July 24, 2007

No. 06-5916

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| *Plaintiff- Appellee,* | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| DANA J. VAUGHN | ) | DISTRICT OF TENNESSEE |
| | ) | |
| *Defendant-Appellant.* | ) | OPINION |
| | ) | |

BEFORE:    COLE and McKEAGUE, Circuit Judges; COHN, District Judge.[*]

**AVERN COHN**, **District Judge**: This is a criminal case. Defendant-Appellant Dana J. Vaughn (Vaughn) appeals her sentence based on her guilty plea to one count of bank fraud in violation of 18 U.S.C. § 1344. Vaughn presents two issues on appeal: (1) whether the district court's application of a sixteen level enhancement, as well as a two level enhancement constitutes impermissible "double-counting" in determining the appropriate offense level; and (2) whether the district court erroneously imposed a greater sentence than necessary based on its incorrect reading of the Pre-sentence Investigation Report.

As we find no plain error in the district court's decision, we will affirm Vaughn's sentence.

_____

[*] The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Vaughn was employed as a book-keeper for Ovation Industries, Inc. ("Ovation") from February, 1999 until May, 2005. Ovation maintained its operating accounts, payroll accounts, and a line-of-credit with First Tennessee Bank. In 2005 Ovation's owners discovered that by forging the required authorization signatures, Vaughn had drawn checks on the First Tennessee Bank operating account payable to either herself or her Visa account. In an effort to conceal her actions, Vaughn voided the checks in her employer's records. Ovation's owners held a meeting with Vaughn in which she admitted to forging the checks. Ovation terminated Vaughn's employment and contacted the Federal Bureau of Investigation which concluded that she had forged approximately $1.2 million in checks.

Vaughn was charged with one count of bank fraud to which she pled guilty. The Probation Office filed a Pre-sentence Investigation Report ("PSR"), to which Vaughn filed objections. In determining her sentence the district court referred to the Federal Sentencing Guidelines (the "Guidelines") section 2B1.1, which provides a base offense level of seven for bank fraud.[1] Based on the loss table in section 2B1.1(b)(1), the district court enhanced Vaughn's base offense level by sixteen levels because the loss was more than a million dollars but less than 2.5 million dollars. The district court also enhanced Vaughn's offense level by two levels under section 2B1.1(b)(13)(A) because she had derived more than a million dollars in gross receipts

---

[1]  Section 2B1.1. covers: Larceny, Embezzlement, and Other Forms of Theft; Offenses Involving Stolen Property; Property Damage or Destruction; Fraud and Deceit; Forgery; Offenses Involving Altered or Counterfeit Instruments Other than Counterfeit Bearer Obligations of the United States.

from one or more financial institutions as a result of the offense. Additionally, the district court enhanced Vaughn's offense level by two levels because of a 1993 conviction for fifteen counts of forgery, and subtracted three levels for acceptance of responsibility. Altogether, the district court calculated an offense level of twenty-four and a criminal-history category of II, which yielded an advisory guideline range of fifty-seven to seventy-one months. The district court then considered the statutory requirements of 18 U.S.C. § 3553(a) before imposing a sentence of fifty-seven months imprisonment, followed by five years of supervised release. Vaughn was also ordered to pay $1,090,757.95 in restitution. Vaughn filed a timely notice of appeal from the district court's decision. This Court exercises jurisdiction pursuant to 28 U.S.C. § 1291.

## II. DISCUSSION

### A. Standard of Review

As she did not raise the instant objections below, the Court reviews Vaughn's sentence under a plain error test. *United States v. Sosebee*, 419 F.3d 451, 457 (6th Cir. 2005). In reviewing for plain error,

> an appellate court may only correct an error not raised at trial if there is (1) error, (2) that is plain, and (3) that effects substantial rights ... [i]f these three conditions are met the appellate court may exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.

*Id*. at 457-58.

### B. Whether the Application of the Sixteen Level Enhancement and also the Two Level Enhancement Constitutes Impermissible Double-Counting

**1.**

3

Vaughn argues that the district court engaged in impermissible double-counting because it based both the sixteen level enhancement under section 2B1.1(b)(1) and the two level enhancement under section 2B1.1(b)(13)(A) on her withdrawal of approximately 1.2 million dollars from the operating account of her employer via forged checks. Vaughn relies on *United States v. Farrow*, 198 F.3d 179, 193 (6th Cir. 1999) (citing *United States v. Perkins*, 89 F.3d 303, 310 (6th Cir. 1996)), which held that "impermissible 'double-counting' occurs when precisely the same aspect of defendant's conduct factors into his sentence in two separate ways."

**2.**

The district court did not engage in impermissible double-counting by enhancing Vaughn's offense level under both section 2B1.1(b)(1) and section 2B1.1(b)(13)(A). *Farrow*, the case upon which Vaughn relies, does not stand for the proposition that double-counting is impermissible under all circumstances. To the contrary, the *Farrow* court addressed its holding to the specific question of whether the same conduct may be used to establish both the *base offense level and to apply an enhancement*. *Id.* at 193-94 ("If a single aspect of the defendant's conduct both determines his offense level and triggers an enhancement, this defendant's final offense level will be the same as that of a defendant who engaged in two forms of conduct deemed punishable under the Sentencing Guidelines."). *Farrow* explained that double-counting is permitted when the Guidelines expressly mandate it through the cumulative application of sentencing adjustments, or "where it appears that Congress or the Sentencing Commission intended to attach multiple penalties to the same conduct." *Id.* at 194.

In *Perkins*, *supra*, the court explained that cumulative adjustments may be applied when there is more than one offense characteristic within an offense guideline:

4

> [N]o double counting occurs where, although the conduct underlying two enhancements is the same, a single guideline provision requires the district court to increase the defendant's sentence based on different aspects of the defendant's conduct.

89 F.3d at 310.

The case here is distinguishable from *Farrow* because the district court did not determine the base offense level and application of enhancements on the same conduct. To the contrary, section 2B1.1(a)(1) provides a base offense level of seven where a defendant is convicted of an offense referenced in the provision that carries a maximum statutory penalty of imprisonment of twenty or more years. The district court then applied multiple enhancements based on Vaughn's specific conduct of stealing approximately $1.2 million from her employer's operating account at First Tennessee Bank through the use of forged checks. Thus, this case involves the application of cumulative adjustments mandated within section 2B1.1 based on the same conduct. As discussed above, such enhancements are permissible where they reflect different aspects of the defendant's conduct. *Farrow*, 198 F.3d at 194; *Perkins* 89 F.3d at 310.

We find that the enhancements indeed reflect different aspects of Vaughn's conduct. In discussing whether enhancements reflect different aspects of a defendant's conduct, *Perkins* referenced the Ninth Circuit case, *United States v. Alexander*, 48 F.3d 1477 (9th Cir. 1995). The defendants in *Alexander* were convicted of bank robbery. *Perkins*, 89 F.3d at 309. The defendants appealed their sentences on the grounds that the district court's application of an enhancement under section 2B3.1(b)(1) for robbery of a financial institution, as well as an enhancement for monetary loss exceeding $250,000.00 under section 2B3.1(b)(6)(D) constituted impermissible double-counting. *Id.* The Ninth Circuit held that the application of both

5

enhancements to the defendants' base offense level for robbery did not amount to double-counting because the enhancements reflected different aspects of the defendants' conduct. *Id*. The Ninth Circuit found that while section 2B3.1(b)(6) was intended to reflect only the amount taken, section 2B3.1(b)(1) concerned the type of institution robbed. *Id*.

The facts here are similar to those in *Alexander*. While the underlying conduct supporting Vaughn's enhancements was the same, they reflect different aspects of her conduct. The enhancement under section 2B1.1(b)(1) reflects the amount of money Vaughn stole. The enhancement under section 2B1.1(b)(13)(A) concerns the type of institution she defrauded. The enhancements certainly reflect different aspects of Vaughn's conduct because not all offenses under section 2B1.1 involve the theft of a financial institution. Accordingly, the district court's application of multiple enhancements was proper.

### C. Whether the District Court's Erroneous Reading of the Pre-sentence Investigation Report Led It to Impose a Greater Sentence than Necessary

#### 1.

Vaughn next argues that her sentence should be vacated and remanded because the district court did not properly consider her criminal history and characteristics or the need to protect the public from further crimes under the 18 U.S.C. § 3553(a) factors. *See United States v. Bridgewater*, 479 F.3d 439, 441 (6th Cir. 2007) (a sentence is unreasonable if the district court fails to reasonably apply a relevant factor listed in § 3553(a)).

Vaughn asserts that the district court incorrectly read the PSR regarding her 1993 forgery conviction. The district court read the term "PROB EXP." to mean that Vaughn had *expunged* the conviction, Sentencing Hearing, Apr. 5, 2006, at TR 64-65 (J.A.96-97), when in fact the term

6

means that her probation had *expired*. The government concedes that the district court incorrectly stated that the defendant had her conviction expunged when in fact her probation had expired.

Vaughn argues that the district court's belief that she had expunged her prior conviction from her record gave it a distorted picture of the "need to protect the community" because it was under the impression that she had set out to systematically conceal her prior conviction and put herself in a position to steal once again. In particular, the district court noted that she had her conviction expunged shortly before she began working for Ovation. *Id*.

**2.**

We find that the district court's incorrect reading of the PSR does not rise to the level of plain error. The "expungement" was discussed in the context of Vaughn's potential for recidivism. After stating that Vaughn was able to have her forgery conviction expunged, the district court commented that the fact that Vaughn had received a suspended sentence and work release on the forgery conviction, and then went on to engage in similar conduct, indicated that the community needs to be protected. *Id.* The district court's conclusion that the community needs protection from an individual who continues to engage in illegal activities after being punished would be reasonable whether or not Vaughn had her prior conviction expunged.

Next, the district court also discussed a variety of other considerations including the financial, emotional, and psychological impact upon the victims in the case; the need to make sentences between "white collar crime" and "street crime" more uniform; and that Vaughn's

actions appeared to have been motivated solely by greed. *Id*. at TR, 61-66 (J.A. 93-98). Vaughn does not contest the accuracy of any of these factors.

Clearly, the district court did not rest its decision solely on its belief that Vaughn had her criminal record expunged, but considered a variety of factors. Vaughn simply has not shown how the district court's incorrect belief substantially affected her rights to a fair sentencing.

### III. CONCLUSION

For the reasons stated above, Vaughn's sentence is AFFIRMED.