NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0174n.06

Case No. 22-1163

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| | ) | **FILED** |
| UNITED STATES OF AMERICA, | ) | Apr 19, 2023 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| JEFFREY STEPHEN COLE, | ) | |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: MOORE, CLAY, and MATHIS, Circuit Judges.

**MATHIS, Circuit Judge.** Jeffrey Cole pleaded guilty to one count of sexual exploitation of a minor. The Sentencing Guidelines recommended a life sentence, but the statutory maximum for the offense is 360 months, or 30 years, of imprisonment. The district court sentenced Cole to 312 months' imprisonment. Cole now challenges his below-Guidelines sentence on procedural and substantive reasonableness grounds. Finding no error, we affirm.

**I.**

Cole came to the attention of the Michigan State Police in June 2021, when he began interacting with an undercover Michigan State Police trooper in a Kik[1] chat room. The trooper maintained an undercover identity of a 14-year-old girl named "Katie," with whom Cole engaged

---

[1] Kik Messenger, often called Kik, is a free instant messaging application from American company Kik c/o MediaLab.ai Inc.

in ongoing conversations over the course of about three weeks intending to establish a sexual relationship. Cole made plans to meet Katie on June 23, 2021, in a park in Bridgeport, Michigan, where he planned to have sexual intercourse with her. Cole drove from his home in Grand Rapids, Michigan, to the agreed-upon location and was met by law-enforcement officers. They arrested him without incident and seized two cellphones from him, one of which was broadcasting law enforcement dispatch information. Under questioning, Cole acknowledged that he traveled across the state to have sexual intercourse with Katie, admitted that he learned early on that Katie was only 14 years old, and denied that the seized devices contained child pornography.

Investigators examined Cole's cellphones and found at least two videos of child sexually abusive material. They returned to the jail to question Cole. Cole told investigators that he also had been communicating with a 16-year-old minor female in another state for approximately one year. Cole admitted to exchanging child pornography with that minor female. When asked if he had taken any inappropriate photographs of his children, Cole initially denied doing so. After being told that the investigators could recover data from his phone, however, Cole acknowledged that he had taken photos of his three-year-old daughter because the minor female requested that he engage in sexual acts with his daughter "like they would do in the videos." R. 26, PageID 109. Cole admitted that he sent images to the minor female, which showed his erect penis touching his daughter's hand. Cole's six-year-old son was sitting on the couch near them when this occurred. Upon receipt of the images, the minor female responded with images of herself. Cole explained that he had briefly "placed his daughter's hand on his erect penis" when his daughter was "really little," but he was "fairly positive" he did not take pictures on that occasion. *Id.*

A grand jury indicted Cole on one count of sexually exploiting a minor, in violation of 18 U.S.C. § 2251(a) and (e) ("Count One"), one count of attempted coercion and enticement of a

minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b) ("Count Two")**,** and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) ("Count Three"). Cole pleaded guilty to Count One; the other two counts were dismissed at sentencing.

Cole's Presentence Investigation Report ("PSR") indicated that Cole's total offense level was 43 and he was in criminal history category I, resulting in an advisory Guidelines range of life imprisonment, though the statutory sentencing range capped Cole's potential sentence at 360 months' imprisonment. At sentencing, Cole moved for a downward variance, arguing in part that the Guidelines were "unnecessarily inflated" and "not based on empirical evidence." R. 49, PageID 639; R. 33, PageID 528. The district court acknowledged the advisory nature of the Guidelines, reiterated the statutory factors for sentencing under 18 U.S.C. § 3553(a), and applied them to Cole's case. In doing so, the district court observed:

> This offense carries a maximum of 30 years [sic] imprisonment, which is a clear indication that the executive and legislative branches of government believe that when you sexually exploit a minor, that should be treated with harsh circumstances and harsh punishment should one [ ] commit the offense and then be convicted of it.

R. 49, PageID 645.

The district court acknowledged that the circumstances of Cole's crime involved members of his own family, but the court also observed that Cole's "expressions of remorse . . . actually do display, in the [c]ourt's judgment, a level of remorse which I don't see to [sic] often in this [c]ourt." *Id.* at 645, 647. The district court then addressed Cole's argument related to the vigorous debate of the child pornography Guidelines, expressly declining to depart based on a policy disagreement with the Guidelines. According to the district court:

> To the extent that there is an implicit request that I depart downward because I have a policy disagreement with the way the [G]uidelines are written, I do not. The [G]uidelines were originally formulated

>by the United States Sentencing Commission. There have been amendments, some of which have been dictated by the legislature of the United States through the Congress and in statute, signed by the President of the United States, which as I said before, clearly indicates that the executive and legislative branches believe these circumstances to be extremely serious.

*Id.* at 647. The district court found that the primary questions for the court were: (1) "what is the just punishment for the offense, which is not greater than necessary," and (2) "whether the [c]ourt should vary downward from the advisory [G]uideline range, which happens to be the statutory maximum in light of the offense level assigned to this case by the sentencing [G]uidelines." *Id.* at 647–48. Based on the circumstances of Cole's case, the district court determined that a small downward variance was appropriate because it "would represent punishment which is not greater than necessary and would reflect Mr. Cole's internal attempts so far to deal with his situation and . . . the very extreme remorse expressed in his letter to the [c]ourt, as well as the insight that others who have written the [c]ourt have as a result of conversations with Mr. Cole after he was arrested." *Id.* at 648. As a result, the district court sentenced Cole to 312 months' imprisonment. After announcing Cole's sentence, the district court asked both parties whether there was "any legal objection to the sentence imposed," to which Cole's counsel responded "[n]o, your honor." *Id.* at 653. Cole now appeals.

## II.

Our review of "sentencing decisions is limited to determining whether they are 'reasonable.'" *Gall v. United States*, 552 U.S. 38, 46 (2007). We generally review such decisions under the abuse-of-discretion standard. *Id.* at 51. However, when the district court provides an opportunity to raise procedural errors after pronouncing the sentence, and the appealing party fails to do so, we review for plain error. *United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004). Under plain-error review, Cole must show an "(1) error (2) that 'was obvious or clear,' (3) that

'affected [Cole's] substantial rights[,]' and (4) that 'affected the fairness, integrity, or public reputation of the judicial proceedings.'" *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc) (quoting *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006)). The parties dispute the proper standard of review. The government asserts that plain-error review applies because Cole did not raise the procedural error before the district court, whereas Cole argues that the issue should be reviewed for abuse of discretion because "it is the district court's response to an issue *argued* by [his] defense counsel that is raised before this Court on appeal." D. 32 at p. 2. We need not resolve this dispute because under either standard, the district court did not err.

**III.**

**A. Procedural Reasonableness**

Procedural reasonableness requires the district court to "properly calculate the [G]uidelines range, treat that range as advisory, consider the sentencing factors in 18 U.S.C. § 3553(a), refrain from considering impermissible factors, select the sentence based on facts that are not clearly erroneous, and adequately explain why it chose the sentence." *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018) (citing *Gall*, 552 U.S. at 51).

Cole contends that the district court considered an impermissible factor, namely the will of the executive and legislative branches to impose harsh punishment for an offense involving sexual exploitation of a minor. Although we have not defined what constitutes an impermissible factor, we generally "have found reversible error where a district judge relies on a factor that is neither enumerated in nor consistent with the Sentencing Guidelines or 18 U.S.C. § 3553(a)." *United States v. Cabrera*, 811 F.3d 801, 808 (6th Cir. 2016).

At sentencing, Cole's counsel acknowledged that the statutory sentencing range was 15 to 30 years' imprisonment but argued that the Guidelines "are unnecessarily inflated where it's not based on the empirical evidence." When sentencing Cole, the district court addressed the § 3553(a) factors as required, and while addressing the nature and circumstances of the crime, the court noted that because Cole's crime carries a maximum sentence of 30 years' imprisonment, that "is a clear indication that the executive and legislative branches of government believe that when you sexually exploit a minor, that should be treated with harsh circumstances and harsh punishment . . . ." R. 49, PageID 645.

For several reasons, Cole's argument is unavailing. First, the district court's statement is properly read as considering the maximum statutory penalty, which is permissible. *See United States v. Booker*, 543 U.S. 220, 233 (2005) ("We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range.").

Second, the district court's comment was not made at the point in the hearing when the district court explained its chosen sentence. *Cf. United States v. Recla*, 560 F.3d 539, 545, 547 (6th Cir. 2009) (vacating sentence because the district court may have considered plans to file a Rule 35(b) motion when the court referenced "subsequent motions" in its announcement of sentence); *United States v. Coleman*, 652 F. App'x 442, 447 (6th Cir. 2016) (finding that the district court did not rely on the defendant's fathering of children out of wedlock in sentencing because it did not refer to this factor "at the point in the hearing when it explained its chosen sentence"). Instead, the district court cited "just punishment for the offense," the need to "promote[] respect for the law," and the need to "reflect[] the seriousness of the actual offense behavior" as its reasons for varying downward and sentencing Cole to 312 months' imprisonment.

*Cf. Coleman*, 652 F. App'x at 447 (citing the defendant's "complete lack of respect for law," the need for "adequate deterrence[,]" and "the need to protect the public" as reasons for the sentence).

Third, the district court's reference to the legislative and executive branches is properly considered as an explanation that the district court would not depart from the Guidelines based on "a policy disagreement with the way the [G]uidelines are written," rather than a statement showing its reliance on the other branches' intent in sentencing Cole.

Fourth, a review of the entire sentencing transcript shows that the district court based its sentencing determination on the advisory Guidelines range—as cabined by the statutory maximum punishment—and the § 3553(a) factors. *Cf. United States v. Stall*, 581 F.3d 276, 288–89 (6th Cir. 2009) (finding that the district court's "unexplained reference to the severity of the Guidelines . . . appear[ed] to be a factual observation about the sentences advised for possession of child pornography, not an indictment of the Guidelines nor a reason being given for varying downward"); *Coleman*, 652 F. App'x at 448 (finding that the district court's observation regarding marital status when describing the defendant's history and personal circumstances did not amount to consideration of an irrelevant factor based on the sentencing transcript as a whole). And Cole's sentence bears this out—the district court exercised its discretion and sentenced Cole to 312 months' imprisonment, which was 48 months below the Guidelines range and the maximum sentence—a 13% reduction. The record reveals that the district court imposed the sentence not because it was improperly bowing to the other branches' intent to harshly punish individuals convicted of sexual exploitation of a minor, but rather based on the seriousness of Cole's offense and the need for Cole's sentence to reflect such seriousness, the court's finding that Cole had been deterred because of his conviction, and Cole's "very extreme remorse." R. 49, PageID 645–46, 648.

Lastly, Cole's reliance on our decision in *United States v. Bistline*, 665 F.3d 758 (6th Cir. 2012), is misplaced. In *Bistline*, we vacated the defendant's sentence, in part, because the district court "improperly rejected the relevant sentencing guideline as 'seriously flawed[.]'" *Id.* at 760. The district court disagreed with amendments to U.S.S.G. § 2G2.2 because they "were not arrived at through empirical study and data," *id.* at 761—an argument similar to the one Cole makes. But we rejected the district court's observations in *Bistline* as misguided because "Congress's role in amending a guideline is not itself a valid reason to disagree with the guideline." *Id.* at 762. Here, the district court explicitly stated that it did not have a policy disagreement with the Guidelines. *Bistline* is therefore inapposite.

Cole's sentence is procedurally reasonable.

## B. Substantive Reasonableness

We now consider whether Cole's below-Guidelines sentence is substantively reasonable. Substantive reasonableness focuses on whether a "sentence is too long (if a defendant appeals) or too short (if the government appeals)." *Rayyan*, 885 F.3d at 442. Substantive unreasonableness is "a complaint that the court placed too much weight on some of the § 3553(a) factors and too little on others in sentencing the individual." *Id.* A sentence within the Guidelines range is presumptively reasonable, "a presumption that naturally extends to sentences below the Guidelines range." *United States v. Pirosko*, 787 F.3d 358, 374 (6th Cir. 2015) (citing *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008)).

Cole asserts that his sentence is "just too long" and is unreasonable "when balancing the 18 U.S.C. § 3553 factors and fairly considering § 3553(a)(6)." D. 26 at p. 15. "The district court's decision to assign more or less weight to a given factor is 'a matter of reasoned discretion, not math, and our highly deferential review of a district court's sentencing decisions reflects as

much.'" *United States v. Boucher*, 937 F.3d 702, 707 (6th Cir. 2019) (quoting *Rayyan*, 885 F.3d at 442). Additionally, "[n]ot all [Section 3553(a) factors] are important in every sentencing; often one or two prevail, while others pale." *United States v. Fleischer*, 971 F.3d 559, 573–74 (6th Cir. 2020) (quoting *United States v. Bridgewater*, 479 F.3d 439, 442 (6th Cir. 2007)). When a defendant contends a below-Guidelines sentence is substantively unreasonable, the "task of persuading us that the more lenient sentence [] is unreasonably long is even more demanding." *United States v. Hills*, 27 F.4th 1155, 1201 (6th Cir. 2022) (quoting *Curry*, 536 F.3d at 573). Simply put, Cole has failed to persuade us.

Although Cole concedes that the district court may consider the intentions of the legislative and executive branches under § 3553(a)(1) and (2), he argues that the district court relied too heavily on these factors and too little on the others. This argument fails. Although the district court noted that amendments to the Guidelines show that "the executive and legislative branches believe these circumstances to be extremely serious," the district court made this comment in response to Cole's argument regarding the "unnecessarily inflated" nature of the child pornography Guidelines, not as a reason for Cole's sentence. *Cf. United States v. Majors*, 852 F. App'x 956, 962 (6th Cir. 2021) (finding that the district court's statements about life expectancy under the Social Security tables was not part of its rationale for imposing a sentence but was in response to the defendant's assertion that "360 months would constitute a life sentence").

The context of the district court's comment is important, as is the court's discussion of the factors it relied on in varying downward. One such factor was the circumstances of the offense— namely the fact that the offense involved members of Cole's family. The district court also concluded that Cole had been deterred as a result of his conviction and that Cole's extreme remorse, as well as his "internal attempts so far to deal with his situation" and the support from his

family, supported a downward variance such that a sentence below the Guidelines range "would represent punishment which is not greater than necessary[.]" R. 49, PageID 646, 648. The district court further indicated that a downward variance "represents just punishment for the offense, promotes respect for law, and reflects the seriousness of the actual offense behavior here." *Id.* Based on our review, the district court did not place too much weight on any of the § 3553(a) factors.

Cole also argues that the district court gave too little weight to § 3553(a)(6), the need to avoid unwarranted disparities. But this factor requires district courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of *similar* conduct." 18 U.S.C. § 3553(a)(6) (emphasis added). Several crimes referenced in Cole's sentencing memorandum differ from the crime to which he pleaded guilty. Even so, when sentencing Cole, the district court indicated that it "had the benefit of [Cole's] sentencing memorandum" and "considered all of [Cole's] arguments in support of his request for a lower sentence." R. 49, PageID 631, 644. This indicates that the district court considered and rejected Cole's unwarranted disparities argument. And "[w]here a district court explicitly or implicitly considers and weighs all pertinent factors, a defendant clearly bears a much greater burden in arguing that the court has given an unreasonable amount of weight to any particular one." *Fleischer*, 971 F.3d at 574 (quoting *United States v. Adkins*, 729 F.3d 559, 571 (6th Cir. 2013)). Cole has not met his burden.

On appeal, Cole offers data from the United States Sentencing Commission's Interactive Data Analyzer, which "reveals an average sentence of 256 months nationally and an average sentence of 260 months within the Sixth Circuit" for an individual like Cole who has been sentenced under U.S.S.G. § 2G2.1 and has a criminal history category I. This data was not

presented to the district court, which the government argues triggers plain-error review. Regardless of the standard of review used, this data does not change our conclusion that Cole's sentence is substantively reasonable. As the government points out, the Interactive Data Analyzer does not allow searches for defendants who, like Cole, have received an enhancement under U.S.S.G. § 4B1.5 (Repeat and Dangerous Sex Offender Against Minors), which added five offense levels to Cole's total offense level. This casts doubt on Cole's argument that he is similarly situated to those with lower sentences as shown through the Interactive Data Analyzer because based on the data provided, we cannot say whether the same enhancement applied to other defendants. Additionally, Cole's reliance on such data does not account for differences among offenders with the same criminal history category. *See United States v. Hymes*, 19 F.4th 928, 937 (6th Cir. 2021). As such, "[t]he mere existence of a colorable difference" between Cole's sentence and the national average "falls well short of showing an 'unwarranted disparity' under § 3553(a)(6)." *Id.*

Cole has failed to rebut the presumption of reasonableness attached to his below-Guidelines sentence. "Because [Cole's] argument ultimately boils down to an assertion that the district court should have balanced the § 3553(a) factors differently, it is simply beyond the scope of our appellate review, which looks to whether the sentence is reasonable, as opposed to whether in the first instance we would have imposed the same sentence." *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008) (quotation omitted).

## IV.

For these reasons, we **AFFIRM**.